# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, : Case No. 3:24-cr-00007

\- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

ADRIAN WHITE,

Defendant. :

---

## REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Adrian White, is before the Court for decision on the merits on the § 2255 Motion (ECF No. 114), the Response of the United States (ECF No. 123), and Defendant's Reply (ECF No. 125).

**Litigation History**

Defendant was indicted January 23, 2024, on charges of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C) (Count One); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count Four); Possession with Intent to Distribute Methamphetamine and Cocaine within 1,000 Feet of a School in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), 841(b)(l)(C), and 860(a) (Count Five); Possession of a Firearm in

Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Six); Using and Maintaining a Drug Involved Premises in violation of 21 U.S.C. § 856(a)(1) (Count Seven); and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count Eight)(Indictment, ECF No. 21). On December 6, 2024, Defendant entered into a Plea Agreement with the United States and pleaded guilty in open court (ECF Nos. 71 & 72). After receiving and reviewing a presentence investigation report, District Judge Rose sentenced White on March 31, 2025, to 270 months imprisonment, followed by five years of supervised release (ECF Nos. 97 & 98).

Represented by the same retained counsel of whom White complains in the instant Motion, White appealed to the Sixth Circuit (ECF No. 100). When Attorney Bennett failed to meet his obligations under the Appellate Rules, the Sixth Circuit *sua sponte* removed him (ECF No. 106). The appeal was then dismissed voluntarily by White without a decision (ECF No. 108). White filed the instant Motion on February 23, 2026, pleading the following grounds for relief:

> **Ground One**: Movant White states that his Guilty Plea was entered "unknowingly and unintelligently" by his former attorney failing to review his Indictment thoroughly, failing to conduct legal research, and failing to file a pre-trial Motion to Dismiss Legally Insufficient Count 1, Conspiracy in which amounted to ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution.
>
> **Supporting Facts**: On January 02, 2024, U.S. Magistrate Judge Peter B. Silvain, Jr. issued a Criminal Complaint against Mr. White charging him with Conspiracy to Possess with Intent to Distribute a detectable amount of Methamphetamine (Doc. # 1). On January 03, 2024, Mr. White appeared before U.S. Magistrate Judge Peter B. Silvain, Jr. for his Initial Appearance in which he was ordered temporary [sic] detained (Doc. # 5). On January 12, 2024, Attorney Bennett waived his preliminary hearing (Doc. # 10), and on January 17, 2024, Magistrate Judge Peter B. Silvain, Jr. waived his right to a Preliminary Hearing, and the Court accepted the Waiver and

bound Mr. White over to the Grand Jury (Minute Entry entered on 01/17/2024, in case No. 3:24-mj-00004-PBS-1). On January 23, 2024, the Grand Jury returned an Indictment against Mr. White under seal charging him with Count 1, Conspiracy to Possess with Intent to Distribute Methamphetamine, Count 4, Possession with Intent to Distribute Methamphetamine, Count 5, Possession with Intent to Distribute Methamphetamine and Cocaine within 1,000 Feet of a School, Count 6, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Count 7, Using and Maintaining a Drug Involved Premises, and Count 8, Felon in Possession of a Firearm (Doc. # 21). On February 29, 2024, U.S. Magistrate Judge Gentry arraigned Mr. White as to the Indictment on Counts 1, 4, 5, 6, 7, and 8 (minute Entry entered on 02/29/2024). On December 06, 2024, entered into the record the Plea Agreement (Doc. # 71), and on December 06, 2024, Mr. White appeared before this Court and plead guilty to Count 1, Conspiracy to Possess With Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance (Doc. # 71 and 72). On March 23, 2025, Mr. White's counsel of record filed his Sentencing Memorandum (Doc. # 95). On March 31, 2025, this Court sentenced Mr. White to 270 months of imprisonment followed by five (5) years of supervised release (Doc. # 97 and 98). On April 06, 2025, a timely Notice of Appeal was filed by Mr. White's counsel of record (Doc. # 100), however, on September 17, 2025, Mr. White's Motion to Voluntarily Dismiss the Appeal was granted by the Sixth Circuit Court of Appeals (6th Doc. Sheet, at 16-1).

**Ground Two:** Movant White asserts that his former attorney provided him with ineffective assistance of counsel by erroneously advising him to waive Preliminary Hearing in which he violates his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Three:** Movant White contends that his former attorney provided him with ineffective assistance of counsel by failing to object during Rule 11 Plea Colloquy to the erroneous advisement as to sentencing consequences of plea of guilty to binding plea agreement and failing to explain essential elements of Conspiracy

as required by Fed. R. Crim. P. 11(b)(1)(g), thus violating his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Four:** Movant White, argues that his former attorney provided him with ineffective assistance of counsel by failing to object to the Judgment In A Criminal Case in which adjudicated him guilty of a charge with no threshold drug amount in which limited his sentenced to twenty years in violation of his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Five:** Movant White, argues that his former attorney provided him with ineffective assistance of counsel by failing to conduct legal research and investigations as to the DOJ's Change in Policy and failed to object to selective enforcement as other "similarly-situated" individuals were treated differently in violation of the Equal Protection Clause, however, his former attorney violated his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Six:** Movant White, argues firmly that his former attorney provided him with sentencing phase ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Seven:** Movant White, argues firmly that his Guilty Plea was tainted by ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution.

**Supporting Facts:** *Id*. at Supporting Facts for Ground One.

**Ground Eight:** Movant White, argues that he suffers from appellate ineffective assistance of counsel in violation of his Sixth Amendment rights of the U.S. Constitution.

> **Supporting Facts:** On March 31, 2025, Mr. White was sentenced by this Court to 270-months of imprisonment followed by five (5) years of supervised release (Doc.# 97). On April 6, 2025, Mr. White's former attorney filed a Notice of Appeal on his behalf (Doc.# 100), however, on July 25, 2025, Attorney Bennett was relieved from representing Mr. White on his Direct Appeal proceedings (Sixth Circuit Doc. # 12), but the Sixth Circuit did not appoint another appellant attorney and White had no funds to retain another attorney. Having no other financial resources to retain an attorney on September 15, 2025, Mr. White requested to voluntarily dismiss his Direct Appeal proceedings. On September 17, 2025, the Sixth Circuit granted White's Motion for Voluntarily Dismissal (Sixth Circuit Doc.# 16).
>
> It is unclear why Mr. Bennett was *sua sponte* relieved from representing Mr. White on appeal, however, without the assistance of a licensed attorney and no available funds to retain another attorney Adrian White had no idea how to proceed with his Direct Appeal proceedings so he requested Voluntarily Dismissal on September 15, 2025. Before Mr. Bennett was relieved of representing Mr. White, thus, he specifically advised him that due to the waiver provision of his Plea Agreement he was barred from challenging any sentencing issues on Direct Appeal and that no viable errors existed to challenge, however, as demonstrated by his Ground Three, Four, and Six there were viable issues that would render waiver unenforceable and his sentencing issues could have been decided upon the merits on Direct Appeal. *See United States v. Atkinson*, 354 Fed. Appx. 250 (6th Cir. 2009). See Attachment J.

Motion to Vacate, ECF No. 114, PageID 654-705.

## Analysis

All eight of White's grounds for relief purport to state claims of ineffective assistance of counsel, trial counsel for the first seven and appellate counsel for the eighth.

The governing standard for ineffective assistance of counsel at both levels was adopted in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland* the Supreme Court wrote:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. “The likelihood of a different result must be substantial, not just conceivable.” *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is “reasonably likely” the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions “more likely than not altered the outcome,” but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters “only in the rarest case.” *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011). The right to effective assistance applies at

both the trial and direct appeal levels. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

The Plea Agreement between White and the United States provides in pertinent part:

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction and sentence imposed, except if the sentence imposed exceeds the statutory maximum. Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255, or to seek a reduction of sentence under l8 U.S.C. § 3582(c)(l)(B) or (c)(2). However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 71, PageID 255.

After the Plea Agreement was signed and docketed, Judge Rose conducted a plea colloquy with White which has been transcribed at ECF No. 104. Upon being asked by Judge Rose if he was ready to go forward, White said he was and expressed no reservations about pleading guilty. *Id.* at PageID 498. Judge Rose placed White under oath and warned him of the possibility of perjury prosecution if he spoke untruthfully. *Id.* He said he had had no difficulty communicating with this attorney and Attorney Bennett answered any concerns he had. *Id.* at PageID 499. He understood the Indictment and had no questions about the charge. *Id.* at PageID 500. He said he had read the statement of facts attached to the Plea Agreement and they represented facts to which he was willing to plead guilty. *Id.* at PageID 501. The Assistant United States Attorney then read the Statement of Facts and White again agreed that he was willing to plead guilty based on those facts. *Id.* at PageID 505-06.

Judge Rose then explained that the offense to which White was pleading guilty carried a mandatory minimum sentence of ten years imprisonment and a maximum of life imprisonment which White said he understood. *Id.* at PageID 508.

Judge Rose then explained the sentencing guidelines process. Attorney Bennett said his calculation of the guidelines range here was 360 months to life. *Id.* at PageID 513. He stated he and White had discussed the guidelines extensively and White said he understood. *Id.* at PageID 515. He said he understood that the range in this case was likely to be 235 to 293 months, given that the plea was to be under Fed. R. Crim. P. 11(c)(1)(C). *Id.* at PageID 516.

White said he understood the Plea Agreement. *Id.* at PageID 522. He also understood the waiver provision and still wished to proceed. *Id.* at PageID 524. He indicated all his questions about the Plea Agreement had been answered and he wanted to proceed. *Id.* at PageID 525-26. After this very extensive colloquy, White pleaded guilty. *Id.* at PageID 528. Judge Rose then found the guilty plea was knowing, intelligent, and voluntary. *Id.* at PageID 529. After reviewing the presentence investigation report, Judge Rose sentenced White to 270 months imprisonment (Judgment, ECF No. 98). White appealed, but eventually dismissed the appeal voluntarily, although it would have been dismissed on motion had the United States moved to do so, because the Sixth Circuit has routinely upheld waivers of appeal made in plea agreements. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). White could have challenged the validity of the waiver clause on appeal, but did not do so. He cannot now challenge his guilty plea on any other ground than ineffective assistance of trial counsel.

A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the

conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). After entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent nature of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012), citing *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266.

Because White pleaded guilty pursuant to the Plea Agreement and after a thorough Rule 11 colloquy, the only claims cognizable in this proceeding are claims of ineffective assistance of counsel which are expressly excepted from the collateral attack waiver.

Although White reserved the right to raise ineffective assistance of counsel claims in a collateral attack, the next question must be whether he has properly done so. Rule 2(b) of the Rules Governing § 2255 Proceedings requires movants to 'specify all the grounds for relief available,' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 669 (2005)(Souter, dissenting). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Blackledge v. Allen*, 431 U.S. 63, 76 n.7 (1977). Parallel Rule 2(c) of the Rules Governing § 2254 proceedings imposes the same requirements.

> Wright and Miller agree that fact pleading is required by Habeas Rule 2(c). Wright, Miller, Cooper & Amar, Federal Practice and Procedure: Jurisdiction 3d § 4268.3 (2007). Hertz & Liebman[1] agree that Habeas Rule 2(c) states a fact pleading requirement "which deviates from the 'notice pleading' rule applicable in other federal civil cases. . ." Randy Hertz & James S. Liebman, Federal Habeas

[1] Hertz and Liebman, Federal Habeas Corpus Practice and Procedure.

> Corpus Practice and Procedure 6th §11.6 (2011). They interpret the rule as requiring "that the petitioner include in the statement of each claim enough supporting facts to distinguish it from claims of its generic type and to justify a decision for the petitioner once the alleged facts are proven." Id. Hertz and Liebman set out in the margin numerous cases where federal courts have found the factual pleading in habeas petitions to be insufficient including, *inter alia, Hill v. Lockhart, supra.*

*Bays v. Warden, Ohio State Penitentiary,* 2016 U.S. Dist. LEXIS 25103 *20-21 (S.D. Ohio Mar. 1, 2016)(Merz, M.J.).

In other words, the pleadings rules in habeas and § 2255 proceedings require a more detailed and concrete set of facts than ordinary civil litigation. Explaining the usual requirement in other civil litigation, the Supreme Court wrote, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.") The pleading requirement in habeas and § 2255 litigation is stricter than in other civil cases

The Motion to Vacate in this case fails to comply with Rule 2. As "Supporting Facts" for Ground One, White has recited the history of this case from initial arrest to dismissal of the appeal. He then adopts the same Supporting Facts for all of the other Grounds for Relief except Ground Eight. In each instance he has added facts to that general history recitation; the adequacy of those additions must be evaluated on a case-by-case basis.

**Ground One: Ineffective Assistance Of Trial Counsel: Trial Preparation and Motion to Dismiss**

In his First Ground for Relief, White asserts he received ineffective assistance of trial counsel when Attorney Bennett failed to "review his Indictment thoroughly, failing to conduct legal research, and failing to file a pre-trial Motion to Dismiss Legally Insufficient Count 1, Conspiracy." The failure to file a pre-trial motion asking for specified relief can be known from looking at the docket, but how does White know Attorney Bennett did not review the Indictment or conduct legal research? Did Bennett tell him so? If he did, when and how? If he had these concerns with Attorney Bennett's performance, did he raise those concerns with Bennett? If not, why not? If so, how? If he was not satisfied with Bennett's responses, why did he perjure himself in the plea colloquy by saying Bennett had answered any questions he had? (Plea Transcript, ECF No. 104, PageID 499). As to the assertions that Attorney Bennett failed to review the Indictment or conduct legal research, the Motion to Vacate does not sufficiently state a claim upon which habeas corpus relief can be granted.

As to the claim that Attorney Bennett did not file a pre-trial motion to dismiss the Indictment, the docket proves that fact, but does not show how that constituted deficient performance. To show deficient performance, White pleads several defects in Count One of the Indictment. First he claims the Indictment does not charge a starting date for the conspiracy which is said to be fatal (Motion to Vacate, ECF No. 114, PageID 656, citing *United States v. Cecil,* 608 F.2d 1294, 1295-97 (9th Cir. 1979)).

In *Cecil* the Ninth Circuit held

> an indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts

> alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. at 763, 768 n. 15, 771, 82 S.Ct. 1038; *United States v. Keith,* 605 F.2d at 464; *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), Cert. denied, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

608 F. 2d at 1296. The *Cecil* court found the indictment in that case completely open-ended as to both the beginning and end dates of the conspiracy. *Id.* at 1297. The Indictment in this case alleges the conspiracy had "a beginning date unknown, but at least by in or around February 2023, and continuing up to and including January 2, 2024." Thus the beginning and ending dates are not open-ended as in *Cecil*.

Precedent from the Ninth Circuit is not binding in our Sixth Circuit and our circuit court has expressly distinguished *Cecil* on this point:

> Courts have found indictments insufficient where they are open-ended as to both beginning and end dates, *see United States v. Cecil,* 608 F.2d 1294, 1297 (9th Cir.1979), but sufficient where they fix the end of the conspiracy and provide an approximate start date, *see United States v. Hultgren,* 713 F.2d 79, 89 (5th Cir.1983); *United States v. Simmons,* No. 96–4196, 1998 WL 231103, at *1, 1998 U. S. App. LEXIS 8222, at *3–4 (7th Cir. Apr. 27, 1998); *United States v. Mitchell,* 765 F.2d 130, 133 (10th Cir.1985).

*United States v. Vassar,* 346 Fed. Appx. 17 (6th Cir. Sept. 16, 2009). Because dismissal on the basis asserted by White was unlikely, based on the case law, it did not constitute deficient performance to fail to move to dismiss on that basis.

Next White asserts the Indictment was fatally defective for failure to include the element of distribution (Motion, ECF No. 114, PageID 657). This assertion is meritless as the Indictment includes the element of distribution and that the amount attributable to White is in excess of 500 grams (Indictment, ECF No. 21, PageID 60-61). A motion to dismiss for failure to include an element would have been meritless and it cannot be deficient performance to fail to make a meritless motion.

**Ground Two: Ineffective Assistance Of Trial Counsel: Advice to Waive Preliminary Hearing**

In his Second Ground for Relief, White asserts he received ineffective assistance of trial counsel when his attorney advised him to waive a preliminary hearing (Motion to Vacate, ECF No. 114, PageID 661). White makes no argument as to why this was deficient performance and the Magistrate Judge takes judicial notice of the fact that waiver of a preliminary hearing is very common in federal court in Dayton. White relies on *United States v. Cronic,* 466 U.S. 648 (1984), but that case has no holding bearing on waiver of preliminary hearing. He also cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), but that case only pertains to filing a notice of appeal. White also makes no showing of prejudice from the waiver. Ground Two should be dismissed as without merit.

**Ground Three: Ineffective Assistance Of Trial Counsel: Deficient Performance at the Plea Colloquy**

In his Third Ground for Relief, White asserts his trial attorney provided ineffective assistance during the plea colloquy "by failing to object during Rule 11 Plea Colloquy to the erroneous advisement as to sentencing consequences of plea of guilty to binding plea agreement

and failing to explain essential elements of Conspiracy as required by Fed. R. Crim. P. 11(b)(1)(g)." (Motion to Vacate, ECF No. 114, PageID 666, *et seq*.) He complains that both Judge Rose and Attorney Bennett estimated a sentencing guideline range of 235 to 293 months whereas the Presentence Investigation Report calculated a guidelines range of 365 months to life imprisonment. *Id.* at PageID 668. That range was acknowledged by the Court as consistent with the Guidelines (Sentencing Transcript, ECF No. 105, PageID 544).

Whether or not the Probation Department was correct, White suffered no prejudice from his attorney's failure to object because the sentencing range used by the Court was 235 to 293 months, and the sentence was near the midpoint of that calculated range. The Plea Agreement was made under Fed. R. Crim. P. 11(c)(1)(C) which yielded a sentencing range of 180 to 300 months. Attorney Bennett asked for the bottom of that range and the United States asked for twenty-five years, or three hundred months. At 270 months, Judge Rose deviated downward from the guideline of a minimum of 360 months. Thus White suffered no prejudice from any lack of explanation of the Sentencing Guidelines which may have occurred. And if in fact he did not understand them and Attorney Bennett had not explained, he again perjured himself when he said at the plea colloquy that Bennett had explained them and he had understood. Ground Three should therefore be dismissed with prejudice.

**Ground Four: Ineffective Assistance Of Trial Counsel: Failure to Object to Clerical Error in Judgment**

In his Fourth Ground for Relief, White claims he received ineffective assistance of trial counsel when his trial attorney failed "to object to the Judgment In A Criminal Case in which adjudicated him guilty of a charge with no threshold drug amount in which limited his sentenced

to twenty years in violation of his Sixth Amendment rights of the U.S. Constitution." (Motion to Vacate, ECF No. 114, PageID 673).

Count One of the Indictment reads:

> COUNT 1
> [Conspiracy to Possess with Intent to Distribute Methamphetamine]
>
> Between a beginning date unknown, but at least by in or around February 2023, and continuing up to and including January 2, 2024, in the Southern District of Ohio, defendants ADRIAN WHITE, SONEQUA MCGRAW, and WILLIAM BATES, and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances, in violation of 21 U. S. C. § 841(a)(l).
>
> (Quantity of Controlled Substances Involved in the Conspiracy)
>
> With respect to ADRIAN WHITE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is **500 grams or more** of a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances, in violation of 21 U. S.C. §§ 841(a)(l), 841(b)(l)(A)(viii), and 841(b)(l)(C).
>
> [¶¶ pertaining to Sonequa McGraw and Williams Bates omitted.]
>
> All in violation of 21 U. S.C. §§ 846.

Indictment, ECF No. 21, PageID 60-61. The Judgment records that White pleaded guilty to Count 1 which includes the amount to which he pleaded (ECF No. 98, PageID 466). That amount of cocaine is discussed at least four times in the sentencing hearing (Transcript, ECF No. 105, PageID 536, 540 (twice), 541). White's claim appears to be that the Judgment should include that amount and Attorney Bennett provided ineffective assistance of trial counsel when he did not object. As

authority, he cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Cotton*, 535 U.S. 625, 632 (2002), and *Alleyne v. United States*, 570 U.S. 99 (2013).

The cited authority does not support White's claim. *Apprendi* held that a defendant has a due process right to trial by jury of any element of a crime which enhances the possible penalty. White would have been entitled to a jury determination on the amount of drugs involved if he had not waived a jury and admitted the quantity. *Cotton* deals with omission of a drug quantity from an indictment and no such omission occurred here. *Alleyne* deals with failure of a jury to find an enhancing element – brandishing – with a firearms offense.

Assuming the correctness of White's claim – that the enhancing element should be included in the judgment – how is it deficient performance for a defense attorney to fail to object to a clerical error which, White asserts, reduces the mandatory minimum sentence in a case? A defense attorney is an officer of the Court and an argument could be made that he or she has a duty to call clerical errors to the Court's attention. On the other hand when the clerical error has (as White asserts) a beneficial effect for his or her client, does not the lawyer's duty of loyalty to the client excuse silence? White has not offered persuasive authority on this point. Moreover, if, as he claims, the error limits his sentence, what prejudice has he suffered from failure to correct it?

Ground Four should be dismissed with prejudice as without merit.

**Ground Five: Ineffective Assistance Of Trial Counsel: Failure To Investigate DOJ Policy Change And To Object To Selective Enforcement**

In his Fifth Ground for Relief, White asserts he received ineffective assistance of trial counsel when Attorney Bennett failed to investigate a policy change made at the direction of Attorney General Merrick Garland and failed to object to selective enforcement.

White's first reference is to a Memorandum of Attorney General Merrick Garland dated December 16, 2022, which is attached to the Motion as Attachment E (ECF No. 114-4, PageID 721-25). White's reliance on this memorandum is misplaced. The Memorandum itself provides:

> The policies contained in this memorandum, and internal office procedures adopted pursuant thereto, are intended solely for the guidance of attorneys for the government. They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States Justice Manual § 9-27 150 (updated Feb. 2018); *see United States* v. *Caceres,* 440 U.S. 741 (1979).

ECF No. 114-4, PageID 725. Thus whether or not Attorney Bennett investigated this policy is irrelevant because it could not have been used in this litigation and thus his failure to investigate it did not prejudice White.

Next White claims he was subjected to a denial of his Equal Protection rights because he was selectively prosecuted and Attorney Bennett did not object. White compares himself with Amos I. Bell, a person convicted of drug charges in the United States District Court for the Western District of Michigan, Case No. 1:22-cr-044. Although White never sought or received permission to expand the record in this case as required by Rule 7 of the Rules Governing § 2255 Cases, the Magistrate Judge will accept for the sake of argument the documents from that case which White has filed here. It appears from those papers that Bell received substantial benefit from A.G. Garland's policy changes in that he was convicted before December 16, 2022, and sentenced after that date. However, Judge Beckering make it clear that those benefits are solely as a result of a decision by the United States Attorney to apply the Garland Memo. She notes that any benefit from the Garland Memo is a matter of discretion, writing "as the footnote -- I think it's No. 2 --makes clear, this is not something that is a point of negotiation by a defendant to seek this. It is solely within the discretion of the U. S. Attorney's Office." (Motion to Vacate, ECF No. 114-6, PageID 731).

United States Attorneys are appointees of the President for a particular judicial district. The United States Attorney for the Western District of Michigan who prosecuted Mr. Bell is a different person from Kenneth L. Parker who was the United States Attorney for the Southern District of Ohio at the time White was prosecuted.

"In order to prove a selective-prosecution claim, the claimant must demonstrate that the prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 457 (1996), *citing Oyler v. Boles*, 368 U.S. 448, 456 (1962). The defendant bears the "heavy burden" of establishing prima facie that others similarly situated have not usually been proceeded against and that he has been singled out for prosecution, and that the prosecutor's discriminatory selection of him has been "invidious or in bad faith," which is to say it was "based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights." United *States v. Hazel*, 696 F.2d 473, 474 (6th Cir. 1983), *quoting United States v. Berrios*, 501 F.2d 1207, 1211 (2nd Cir. 1974).

White has not alleged facts that would support an Equal Protection claim because Amos Bell and Adrian White were not at the relevant time similarly situated. White makes no suggestion that the difference between his conviction and that of Bell is based on any invidious discrimination. There is not even a suggestion that the prosecutors involved in the two cases even knew of the pendency of the case in the other District. Thus any claim of selective prosecution which Attorney Bennett might have made would have been without merit.

White has failed to show either deficient performance or prejudice as to Ground Five which should be dismissed with prejudice.

**Ground Six: Ineffective Assistance Of Trial Counsel At Sentencing**

In his Sixth Ground for Relief, White asserts he received ineffective assistance of trial counsel at sentencing. As noted above, he incorporates the same statement of supporting facts made as to Ground One and adds that Attorney Bennett failed to argue the need to avoid unwarranted sentencing disparity among co-defendants, citing *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008). In that case the Sixth Circuit held that the sentencing statutes do not require considering disparities among persons convicted in the same case. *Id.* at 631. White

presents no authority for the proposition that it is deficient performance not to argue this issue, but the Magistrate Judge concludes it was not. The Sentencing Guideline range without the Plea Agreement would have had a bottom ninety months more than was actually imposed. Having achieved that result, Attorney Bennett would have risked ridicule if he had suggested White should be sentenced more closely to his co-defendants.

White also asserts there exists an unwarranted national sentencing disparity, arguing by comparison to a sentence imposed in the Eastern District of Michigan. White provides no authentication for the facts he asserts here, particularly for his claim that “in 2022, the average sentence imposed for drug trafficking offenders were 78 months of imprisonment” (Motion to Vacate, ECF No. 114, PageID 693). White asserts his attorney did not argue for a downward variance from the Sentencing Guidelines. *Id.* at PageID 693. This ignores Attorney Bennett’s success in negotiating and then obtaining Court acceptance of a Rule 11(c)(1)(C) Plea Agreement which departed significantly downward from the Guideline range.

White asserts that Attorney Bennett failed to object to a Rule 32(i)(1)(A) violation. As proof he submits what purports to be text of emails between his wife and Attorney Bennett. These are neither authenticated nor submitted pursuant to permission to expand the record and are excluded.

As authority for the proposition that in the absence of proof a defendant has read the PSI, the defendant is entitled to de novo re-sentencing, White cites *United States v. Rone*, 743 F.2d 1169, 1173-74 (7th Cir. 1984). *Rone* is, of course, not binding precedent in the Sixth Circuit which expressly disagreed with *Rone* in *United States v. Stevens*, 851 F.2d 140 (6th Cir. 1988).

Finally, any notion that Judge Rose would have departed below the guideline range of 235-293 negotiated by the parties if Attorney Bennett had made the arguments proposed in this Sixth Ground for Relief is purely speculative.

Ground Six should be dismissed with prejudice as without merit.

**Ground Seven: Ineffective Assistance Of Trial Counsel "Tainted" The Guilty Plea**

In his Seventh Ground for Relief, White argues in conclusory form that ineffective assistance of trial counsel "tainted" his guilty plea. He argues first that his attorney mis-estimated the sentencing range, but that argument again ignores the negotiation of a Rule 11(c)(1)(C) plea.

He argues his attorney failed to file a motion for the return of the $20,000 seized with the drugs from his home, which he claims came from a legitimate cleaning business. However, the forfeiture of this money was thoroughly discussed in the plea colloquy and failure to file a separate motion for its return was not deficient performance on Attorney Bennett's part. White's claim that Attorney Bennett failed to provide him with the Plea Agreement is belied or rendered non-prejudicial by the thorough consideration of the Agreement during the plea colloquy. White asserts that but for the professional errors Attorney Bennett made, he would have gone to trial. However, that would hardly have been a rational choice because the evidence against him was strong and the penalty for conviction on Count One alone was considerably higher than what he received.

Ground Seven should therefore be dismissed as without merit.

**Ground Eight: Ineffective Assistance Of Appellate Counsel**

In his Eighth Ground for Relief, White claims he received ineffective assistance of appellate counsel.

White notes that Attorney Bennett was removed from the case *sua sponte* by the Sixth Circuit for failure to abide by appellate rules of practice. White claims he was unable to afford replacement counsel, but he does not explain why he did not exercise his right to appointed counsel at that point. He claims he had "viable" sentencing issues, but his Plea Agreement waived appeal of those issues. His claim of viable issues is purely conclusory – he does not state why they were viable, much less likely to be successful, or even spell out what they would have been.

Ground Eight should therefore be dismissed as without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be denied with prejudice. Although White seeks an evidentiary hearing, the claim appears to be boilerplate as he has not pointed to any factual disputes for which such a hearing would be needed. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 9, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #